IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IPC SYSTEMS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 16-443 (GMS) |
| CLOUD9 TECHNOLOGIES LLC, | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) ) ) |

## JOINT STATUS REPORT

Pursuant to Fed. R. Civ. P. 16, D. Del. LR 16.2, and the Court's June 5, 2017 Oral Order, the parties, by and through their undersigned counsel, jointly submit this Joint Status Report. Counsel for the parties participated in a telephone conference as required by the Fed. R. Civ. P. 26(f) on June 19, 2017. The parties that participated and their respective counsel who participated are as follows:

For Plaintiff IPC Systems, Inc. ("IPC" or "Plaintiff"):

| **Name:** | **Law Firm:** |
|---|---|
| Karen Jacobs | Morris, Nichols, Arsht & Tunnell LLP |
| Jason M. Dorsky | Fitzpatrick, Cella, Harper & Scinto |
| David Varghese | Fitzpatrick, Cella, Harper & Scinto |

For Defendant Cloud9 Technologies LLC ("Cloud9" or "Defendant"):

| **Name:** | **Law Firm:** |
|---|---|
| Ken Dorsney | Morris James LLP |
| Michael A. Oakes | Hunton & Williams LLP |
| Steven L. Wood | Hunton & Williams LLP |

### 1. Jurisdiction and Service

The parties agree that the Court has jurisdiction over IPC's patent infringement and trade secret misappropriation claims. There are no disputes concerning personal jurisdiction or venue.

All current parties have been served.

2. **Substance of the Action**

Statement of Plaintiff IPC:

IPC filed this action against Cloud9, asserting claims for both patent infringement and misappropriation of trade secrets.

IPC alleges that Cloud9 infringes, and continues to infringe, directly and indirectly, at least claims 1, 5 and 6 of U.S. Patent No. 8,189,566 ("'566 Patent"), entitled "Software Based Trading Turret." IPC alleges that Cloud9 has directly infringed, and continues to directly infringe, the '566 Patent by, among other things, making, using, offering for sale, and selling licensed and/or unlicensed systems, products, and/or services that include, by way of example, Cloud9's C9Trader. IPC also alleges that Cloud9 has indirectly infringed, and continues to indirectly infringe, the '566 Patent by having induced and continuing to actively induce the direct infringement of the '566 Patent despite having prior knowledge of the '566 Patent. For example, Cloud9 has induced, and continues to actively induce, infringement of the '566 Patent engaging in activities to encourage and assist its end users or customers who use Cloud9's C9Trader in a manner that directly infringes the '566 Patent.

IPC has also sued Cloud9 for misappropriating IPC's trade secrets in violation of the Defend Trade Secrets Act of 2016 ("DTSA") and the New Jersey Trade Secrets Act ("NJTSA"). IPC alleges that, upon information and belief, certain IPC employees departed IPC and formed or later joined Cloud9, which directly competes with IPC. IPC further alleges that those former employees improperly transferred from IPC and knowingly utilized IPC confidential and proprietary information, including trade secrets, to benefit Cloud9 and gain a competitive advantage over IPC.

Facts supporting these allegations are provided in IPC's Amended Complaint (D.I. 13).

<u>Statement of Defendant Cloud9</u>:

Cloud 9 denies that it ever infringed, either directly or indirectly, any claims of the '566 Patent, such as, for example, at least claims 1, 5 and 6. Cloud9 alleges that the claims of the '566 Patent are invalid under one of more of 35 U.S.C. §§101, 102, 103, and 112.

Cloud9 denies any misappropriation of IPC's trade secrets in violation of the Defend Trade Secrets Act of 2016 ("DTSA") and the New Jersey Trade Secrets Act ("NJTSA"). Cloud9 denies that any of its employees, current or former, improperly transferred from IPC and knowingly utilized any IPC confidential and proprietary information, including trade secrets, to benefit Cloud9 and gain a competitive advantage over IPC.

Cloud9 disagrees that IPC's Amended Complaint provides any facts supporting either infringement of the '566 Patent or any misappropriation of IPC's trade secrets. Cloud9 has filed a motion to dismiss for failure to state a claim with regards to all three counts of the Amended Complaint. This motion is fully briefed and is fully dispositive with respect to IPC's pending claims.

Additionally, Cloud9 has filed an unopposed motion to stay this case pending resolution of the Covered Business Method review of the '566 Patent at the Patent Office. Cloud9 informed IPC that it was planning to move to stay litigation pending resolution of the Covered Business Method review of the '566 Patent and IPC agreed to not oppose Cloud9's request for entry of a stay. As part of the agreement, Cloud9 agreed not to use or rely on the existence of a stay, or IPC's agreement not to oppose the stay, for any reason adverse to IPC's claims, including but not limited to arguments concerning IPC's request for injunctive relief. Cloud9

further agreed that IPC's position with respect to the stay request should not be understood to be a statement or admission concerning any claim for relief set forth in the Amended Complaint.

**3. Identification of Issues**

The parties have identified the following principal disputed issues:

(1) Whether Cloud9 is liable for the direct and/or indirect infringement of any asserted claims of the '566 Patent pursuant to 35 U.S.C. § 271;

(2) Whether the '566 Patent is valid and enforceable;

(3) For any proven patent infringement, the amount of relief due to IPC, including monetary relief under 35 U.S.C. §§ 284 and 285;

(4) For any proven patent infringement, whether IPC is entitled to a permanent injunction enjoining Cloud9 from further infringement of the '566;

(5) Whether Cloud9 is liable for misappropriation of IPC's trade secrets under the NJTSA;

(6) Whether Cloud9 is liable for misappropriation of IPC's trade secrets under the DTSA; and

(7) For any proven misappropriation of trade secrets, the amount and manner of relief due to IPC, including monetary and equitable relief requested in the Amended Complaint.

**4. Narrowing of Issues**

The parties expect that, as discovery proceeds and the case progresses, they may be able to narrow the issues by way of stipulation or agreement.

**5. Relief**

**(a) IPC**

IPC seeks at least the following relief as requested in the Amended Complaint:

1. That a judgment be entered that Cloud9 has infringed the '566 Patent;

2. That a permanent injunction be issued enjoining Cloud9 from further infringement of the '566 Patent;

3. That damages or other monetary relief be awarded to IPC to compensate IPC for the patent infringement that has occurred;

4. That all other damages or other monetary relief be awarded to IPC under 35 U.S.C. § 284;

5. That a judgment be entered that this is an exceptional case and an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

6. That a judgment be entered that Cloud9 has misappropriated IPC's trade secrets under both the NJTSA and DTSA;

7. That a judgment be entered ordering Cloud9 to destroy all materials incorporating IPC's trade secrets;

8. That a permanent injunction be issued enjoining Cloud9 from further misappropriation of IPC's trade secrets;

9. That IPC is awarded damages or other monetary relief adequate to compensate IPC for both the actual loss and the unjust enrichment caused by Cloud9's misappropriation of IPC's trade secrets;

10. That costs and expenses be awarded to IPC in this action; and

11. That the Court grants such other and further relief as it may deem just and proper.

### (b) Cloud9

Defendant Cloud 9 denies that Plaintiff IPC is entitled to any relief, and may seek at least the following relief:

1. A declaration that Plaintiff is not entitled to any relief requested in its complaint against Defendant;

2. A judgment that Cloud9 has not misappropriated any trade secrets of IPC's, denying damages and injunctive relief to IPC;

3. A dismissal of IPC's complaint with prejudice;

4. An award to Cloud9 of its reasonable costs and attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285; and

5. An award of any other and further relief that this Court may deem just and proper.

### 6. Amendment of Pleadings

The parties have agreed that all amendments to pleadings, other than for good cause shown, shall be submitted no later than **December 1, 2017**.

### 7. Joinder of Parties

At present, the parties are not aware of any additional parties that should be joined in this action. The parties have agreed that all joinder of parties, other than for good cause shown, shall occur no later than **December 1, 2017**.

### 8. Discovery

Unless otherwise expressly agreed to in writing by all parties, the parties will follow the discovery limitations set forth in the Federal Rules of Civil Procedure and the guidelines set out in the District of Delaware Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") (hereafter, "Default Standard"). The parties attach the

proposed schedule and deadlines for discovery in this case as **Exhibit A** for the Court's consideration.

<u>Limitations on Discovery</u>

Notwithstanding the above, and in order to promote efficiency, the parties agree to abide the following additional restrictions and requirements, absent good cause or otherwise expressly agreed to in writing by all parties:

(a) Plaintiff may serve a maximum of 25 interrogatories on Defendant. Defendant may serve a maximum 25 interrogatories on Plaintiff.

(b) The number of written requests for admission is limited to no more than thirty-five (35) per side, exclusive of requests directed solely to authentication, foundation, and/or admissibility of documents or other evidence, which are unlimited in number. The parties will meet and confer concerning authenticity, foundation, and/or admissibility of documents in an attempt to eliminate the for formal requests for admission on these topics.

(c) The parties will be limited to no more than fifty (50) hours of deposition testimony of fact witnesses, including Fed. R. Civ. P. 30(b)(6) depositions, but not including third party witnesses. Former employees of IPC or Cloud9 are considered party witnesses for purposes of deposition hours.

(d) Depositions shall be limited to seven hours per deposition, including current and former employees. The parties will confer on appropriate limitations to the duration of each Rule 30(b)(6) deposition after the party producing the Rule 30(b)(6) witness identifies the topics on which that witness will testify. The

parties will use all reasonable efforts to limit the length of depositions where possible.

(e) Absent leave of court or consent of the involved parties, all depositions of a given individual shall run consecutively, such that a given individual is not deposed more than once.

(f) The parties will work to accommodate reasonable modifications to these limits should the need arise.

(g) If a witness is duly noticed as both a Rule 30(b)(6) witness and a 30(b)(1) witness, that deposition shall count as both a Rule 30(b)(6) deposition and a 30(b)(1) deposition, and any such depositions will be conducted concurrently and/or consecutively. A party may designate more than one person to testify pursuant to Rule 30(b)(6).

(h) To the extent that the schedule of events described in the Default Standard conflicts with the proposed joint schedule attached in Exhibit A, the proposed joint schedule shall control.

(i) A party that asserts attorney-client privilege, attorney work product protection, or any other privilege, immunity, or protection to withhold or redact any information or document shall supply a privilege log. Any documents withheld on the basis of privilege, work product, or other applicable immunity must be recorded on a privilege log, which shall be served within thirty (30) days of that document being withheld from a production. Notwithstanding the forgoing, documents created after the June 16, 2016 filing date of the Original Complaint do not need to be listed on the privilege log.

(j) The parties agree and consent to service by email as set forth in Fed. R. Civ. P. 5(b)(2)(E), and that such service shall be deemed complete upon transmission, provided that the serving party does not learn that it did not reach the party to be served. Service by email shall take place at or before 6:00 p.m. ET; anything served after that time shall be deemed served the next day.

(k) Discovery requests and discovery responses shall be served in searchable .PDF format by electronic service and, in addition to the .PDF format, the parties shall exchange copies of discovery requests in Microsoft Word format.

(l) The parties have agreed that any party that serves a subpoena upon a third-party will simultaneously serve a copy upon each other party. Any party that receives documents or written correspondence from a third-party pursuant to a subpoena will promptly produce those documents and/or written correspondence to each other party. Each party must produce copies of documents it receives from a third-party within five (5) business days. Where such reproduction is not possible within five (5) business days, the party who received the documents will provide notice to the other party on or before the fifth (5th) business day and work in good faith to resolve the issue.

(m) The parties will confer as to the scope of electronic discovery and submit an ESI Order within 30 days after entry of the Scheduling Order.

The parties further contemplate that they will seek discovery with regards to at least the following specific topics:

IPC's Contemplated Discovery:

(1) Information or evidence sufficient to identify the accused products, systems, methods, and components thereof, including information related to their design and operation.

(2) Photographs, charts, data, diagrams, notebooks, specifications, system architecture, source code, and other technical documents and information concerning the accused products, systems, methods, and components thereof.

(3) Pricing information concerning the accused products.

(4) Marketing materials concerning the accused products, including those providing instructions to customers or end users on how to use the accused products, systems, methods, and components thereof.

(5) Information or evidence sufficient to identify all entities and persons involved in the design, development, testing and implementation of any accused products, systems, methods, and components thereof, and the nature and extent of their involvement.

(6) Information or evidence sufficient to identify all entities and persons involves in the marketing and sale of any accused products, systems, methods, and components thereof, and the nature and extent of their involvement.

(7) Details concerning each sale of any accused product, system, method, and components thereof.

(8) Details and information concerning Cloud9's knowledge of the '566 Patent, and actions taken pursuant to that knowledge.

(9) Details concerning the acquisition, transfer, use and disclosure of information, documents, and things by Cloud9 or any current or former employee of Cloud9, directly or indirectly obtained from IPC.

(10) Details and information concerning knowledge of the acquisition, transfer, use and disclosure of information, documents, and things by Cloud9 or any current or former employee of Cloud9, directly or indirectly obtained from IPC, and actions taken pursuant to that knowledge.

(11) Details and information concerning the factual allegations set forth in the Amended Complaint.

(12) Other subjects relating to liability, claims, defenses, or the measure and extent of damages.

Cloud9's Contemplated Discovery:

(1) Details and information relating to IPC's contentions on infringement, validity, and damages relating to the '566 Patent.

(2) Details and information regarding the invalidity of the '566 Patent.

(3) Details and information regarding possible inequitable conduct relating to the '566 Patent.

(4) The factual basis for Plaintiff's contention that Defendant misappropriated any trade secrets belonging to IPC, including but not limited to the following issues:

    a. The information and/or documents that allegedly constitute the trade secrets;

    b. The dissemination of such information and documents, both within IPC and outside the organization;

c. The nature, time and manner of any alleged misappropriation, and the identities of all individuals alleged to have misappropriated trade secrets;

d. The efforts made by Plaintiff to preserve the secrecy of the alleged trade secrets;

e. Whether and how the trade secrets in question derive financial value from not being made publicly available; and

f. Proof of Plaintiff's damages under the NJTSA and DTSA resulting from the alleged misappropriation of trade secrets, including but not limited to the way in which such damages were calculated.

(5) Information pertaining to Cloud9's affirmative defenses, if any.

(6) Other subjects relating to liability, claims, defenses, or the measure and extent of damages.

**9.    Estimated Trial Length**

At this time, the parties anticipate trial will require at least **4-5 days**.

**10.    Jury Trial**

IPC has requested a jury trial on all issues so triable.

**11.    Settlement**

The parties have not engaged in substantive settlement negotiations. The parties agree to further confer on whether mediation or another ADR mechanism may be productive.

**12.    Other Matters**

The parties will require a Protective Order for production and use of confidential information. The parties have agreed to file a joint proposed Protective Order **within 30 days of the Court's entry of the scheduling order**, which will set forth the provisions of the Protective

Order and identify any remaining disputes that require the Court's attention. In this respect, the parties agree to work diligently to narrow the issues that may be presented to the Court concerning the Protective Order.

### 13. **Confirmation of Rule 26(f) Teleconference**

The parties certify that counsel for the parties have conferred regarding the above topics. Should the Court have any questions regarding the information set forth above, counsel for all parties are prepared to provide the additional information needed to address the Court's concerns.

No continuance of the conference will be granted except by Order of the court upon application by counsel made seven (7) days before the date of the conference supported by a declaration stating the reasons for the request.

_____
The Honorable Gregory M. Sleet

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | MORRIS JAMES LLP |
|---|---|
| */s/ Karen Jacobs* | */s/ Kenneth L. Dorsney* |
| Karen Jacobs (#2881)<br>Mirco J. Haag (#6165)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>kjacobs@mnat.com<br>mhaag@mnat.com | Kenneth L. Dorsney (I.D. #3726)<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801-1494<br>Telephone: (302) 888.6800<br>Email: kdorsney@morrisjames.com |
| *Attorneys for Plaintiff IPC Systems, Inc.* | *Counsel for Cloud9 Technologies LLC* |
| OF COUNSEL:<br><br>Peter Shapiro<br>David Varghese<br>FITZPATRICK, CELLA, HARPER, AND SCINTO<br>1290 Avenue of the Americas<br>New York, NY 10104<br>(212) 218-2100<br>pshapiro@fchs.com<br>dvarghese@fchs.com<br><br>Jason M. Dorsky<br>FITZPATRICK, CELLA, HARPER, AND SCINTO<br>975 F Street NW<br>Washington, DC 20004<br>(202) 530-1010<br>jdorsky@fchs.com<br><br>Edward J. DeFranco<br>Patrick D. Curran<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor,<br>New York, NY 10010<br>(212) 849-7000<br>eddefranco@quinnemanuel.com<br>patrickcurran@quinnemanuel.com | OF COUNSEL:<br><br>Michael A. Oakes (*pro hac vice*)<br>Tyler Maddry (to be admitted *pro hac vice*)<br>Susan Wiltsie (to be admitted *pro hac vice*)<br>Andrea Calem (to be admitted *pro hac vice*)<br>Steven L. Wood (to be admitted *pro hac vice*)<br>HUNTON & WILLIAMS LLP<br>2200 Pennsylvania Ave NW<br>Washington, DC 20037<br>(202)955-1500<br>moakes@hunton.com<br>tmaddry@hunton.com<br>swiltsie@hunton.com<br>acalem@hunton.com<br>swood@hunton.com |

June 26, 2017

# EXHIBIT A

| Event | Proposed Date |
|---|---|
| **FACT DISCOVERY** | |
| Rule 26(f) Meet and Confer | June 19, 2017 |
| Joint Status Report | June 26, 2017 |
| Rule 16 Conference | TBD |
| Initial Disclosures under FRCP 26(a) and Initial Disclosures under ¶ 3 of D. Del. Default Standard for Discovery | 14 days after entry of the Scheduling Order |
| Parties Submit Proposed Protective Order | 30 days after entry of the Scheduling Order |
| Parties Submit Proposed ESI Order | 30 days after entry of the Scheduling Order |
| IPC shall identify Cloud9's accused products and produce the file history of the asserted patent. | August 14, 2017 |
| Cloud9 shall produce to IPC the core technical documents related to the accused product(s), including but not limited to operation manuals, product literature, schematics, and specifications. | September 18, 2017 |
| IPC shall produce to Cloud9 its initial infringement contentions identifying all asserted grounds for infringement, and the bases for those grounds, including an initial claim chart relating each accused product to the asserted claims each product allegedly infringes. | November 6, 2017 |
| Deadline for Joinder of Parties and Amendment of Pleadings. | December 1, 2017 |
| Cloud9 shall produce to IPC its initial invalidity contentions identifying all asserted grounds for invalidity and/or unenforceability, and the bases for those grounds, including a chart relating each identified prior art reference to each asserted claim, as well as production of the relied-upon prior art references (e.g., publications, manuals and patents). | January 5, 2018 |
| Exchange List of Claim Terms For Construction | February 2, 2018 |
| Exchange Proposed Claim Constructions | February 16, 2018 |

| Event | Proposed Date |
|---|---|
| File Final Joint Claim Chart | March 9, 2018 |
| Document Production Substantially Complete | March 16, 2018 |
| File IPC's and Cloud9's Opening Claim Construction Briefs | April 27, 2018 |
| File IPC's and Cloud9's Answering Claim Construction Briefs | June 1, 2018 |
| File Joint Appendix of Intrinsic Evidence with the Court | June 8, 2018 |
| *Markman* Hearing | July __, 2018 (at the Court's convenience) |
| Final Infringement Contentions | September 14, 2018 |
| Final Invalidity Contentions | September 21, 2018 |
| Reliance upon advice of counsel | 30 days following claim construction ruling |
| Fact Discovery Cutoff | September 28, 2018 |
| **EXPERT DISCOVERY** | |
| Serve opening expert reports on issues for which a party bears the burden of proof | November 2, 2018 |
| Serve rebuttal expert reports | December 7, 2018 |
| Serve reply expert reports (limited to rebuttal of topics properly raised in rebuttal expert reports, e.g., secondary considerations of non-obviousness) | January 7, 2019 |
| Expert Discovery Cutoff | February 15, 2019 |
| **SUMMARY JUDGMENT MOTIONS** | |
| Letter briefs seeking permission to file a Summary Judgment Motion | March 8, 2019 |
| Answering letter briefs | March 22, 2019 |
| Reply letter briefs | March 29, 2019 |
| Summary Judgment – opening briefs (subject to Court | Within 2 weeks of Court's |

| Event | Proposed Date |
|---|---|
| permission) | decision |
| Summary Judgment – answering briefs | Per Local Rules |
| Summary Judgment – reply briefs | Per Local Rules |
| Summary Judgment Hearing | TBD |
| **TRIAL** | |
| File Proposed Pretrial Order | Three business days before Pretrial Conference |
| Pretrial Conference | September 2019, or at the convenience of the Court |
| Trial | October 2019, or at the convenience of the Court |