IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IPC SYSYEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CLOUD9 TECHNOLOGIES LLC, <br><br> Defendant. | C.A. No. 16-443 (GMS) |

**UNOPPOSED MOTION AND [PROPOSED] ORDER
TO STAY ACTION PENDING COVERED BUSINESS METHOD REVIEW OF
U.S. PATENT NO. 8,159,566**

Defendant Cloud9 Technologies LLC ("Cloud9") moves for a stay of the present litigation pending resolution of the Covered Business Method review of U.S. Patent No. 8,189,566 ("the '566 Patent") that is pending before the Patent Trial and Appeal Board. Cloud9 has conferred with Plaintiff IPC Systems, Inc. ("IPC"), and IPC does not oppose this motion.

In support of this motion, Cloud9 provides the following for the Court.

1. On June 15, 2016, Plaintiff IPC Systems, Inc. ("IPC") filed a complaint (D.I. 1) against Cloud9 Technologies LLC ("Cloud9") asserting three causes of action: 1) infringement of U.S. Patent No. 8,189,566 ("the '566 Patent"); 2) misappropriation of trade secrets under the Defend Trade Secrets Act; and 3) misappropriation of trade secrets under the New Jersey Trade Secrets Act.

2. On August 8, 2016, Cloud9 filed a motion to dismiss IPC's complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim (D.I. 7), including asserting lack of patentable subject matter in the '566 Patent.

3. IPC filed a first amended complaint (sealed) on September 9, 2016 (D.I. 12).

4. Cloud9 filed a revised motion to dismiss the first amended complaint on September 19, 2016 (D.I. 14). That motion is fully briefed and awaits the Court's consideration.

5. On June 5, 2017, the Court issued an oral order to the Parties to submit a joint status report and proposed schedule by June 26, 2017.

6. On February 2, 2017, Cloud9 filed a Petition for Covered Business Method ("CBM") review of the '566 Patent pursuant to Section 18 of the Leahy-Smith America Invents Act. The CBM Petition contains the following proposed grounds of invalidity for the '566 Patent: (1) 35 U.S.C. § 101 for failure to claim patentable subject matter (as alleged in Cloud9's motion to dismiss); (2) 35 U.S.C. § 103 for obviousness; and (3) 35 U.S.C. § 112 for failure to satisfy the written description requirement and for indefiniteness. IPC, as Patent Owner, filed its preliminary response to the CBM petition on May 30, 2017.

7. The PTAB will render an institution decision with respect to the CBM review by August 30, 2017.

8. If the CBM review is instituted, the PTAB's final determination in the CBM review *must be issued within one year* of the PTAB instituting the petition. 35 U.S.C. § 326(a)(11).

9. The America Invents Act provides four factors that a court should consider in determining whether to enter a stay relating to a "transitional [CBM] proceeding":

> (A) whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial;
> (B) whether discovery is complete and whether a trial date has been set;
> (C) whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and
> (D) whether a stay, or the denial thereof, will reduce the burden of litigation on

2

the parties and on the court.

AIA § 18(b)(1).

10. Cloud9 submits that a stay of the litigation pending CBM review of the '566 Patent is appropriate because (1) a stay will simplify the issues and streamline trial if one is necessary; (2) this litigation is in its infancy, as discovery has not commenced and a trial date has not been set, and the Court, Cloud9, and IPC have invested relatively minimal resources; (3) no undue prejudice or tactical disadvantage to IPC will result from a stay of this litigation pending resolution of the CBM proceeding; and (4) a stay will reduce the burden of litigation on the Court and on Cloud9 and IPC by potentially simplifying the issues in the litigation, specifically issues of validity regarding the '566 Patent.

11. Cloud9 informed IPC that it was planning to move to stay litigation pending resolution of the CBM review of the '566 Patent and IPC agreed to not oppose Cloud9's request for entry of a stay. As part of the agreement, Cloud9 agreed not to use or rely on the existence of a stay, or IPC's agreement not to oppose the stay, for any reason adverse to IPC's claims, including but not limited to arguments concerning IPC's request for injunctive relief. Cloud9 further agreed that IPC's position with respect to the stay request should not be understood to be a statement or admission concerning any claim for relief set forth in the Amended Complaint.

12. For these reasons, Cloud9 requests that the Court enter an order granting the following relief:

(a) granting this Motion; and

(b) staying the litigation pending resolution of the CBM review before the Patent Trial and Appeal Board.

3

Dated: June 26, 2017                           Respectfully submitted,

                                               */s/ Kenneth L. Dorsney*
                                               Kenneth L. Dorsney (#3726)
                                               MORRIS JAMES LLP
                                               500 Delaware Avenue, Suite 1500
                                               Wilmington, DE  19801
                                               (302) 888-6800
                                               kdorsney@morrisjames.com

                                               *Attorneys for Defendant*
                                               *Cloud9 Technologies LLC*

DENIED, without prejudice,

~~SO ORDERED~~ this 28th day of June, 2017.

                                             [signature]
                                             United States District Court Judge

4