IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IPC SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 16-443 (GMS) |
| | ) | |
| CLOUD9 TECHNOLOGIES LLC, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

**[PROPOSED] PROTECTIVE ORDER**

WHEREAS, Plaintiff IPC Systems, Inc. ("Plaintiff") and Defendant Cloud9 Technologies LLC ("Defendant"), hereafter collectively referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order ("Order") limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c);

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1. Discovery materials produced in this case may be labeled as one of three categories: "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" (collectively and individually, "DESIGNATED MATERIAL") as set forth below. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").

This Order shall encompass not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal Protected Material; and (4) briefs, memoranda or other writings filed with the Court and exhibits thereto that contain or reflect the content of any such Protected Material. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIAL shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

2. Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: the word designating the category of Protected Material, i.e., "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the word designated the material (i.e., "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as DESIGNATED MATERIAL.

3. Any document produced before issuance of this Order under the provisions of Local Civil Rule 26.2, shall be treated as described in Rule 26.2 unless and until such document is re-designated by the producing Party to have a different classification under this Order.

4. A designation of Protected Material (i.e., "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as described herein shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as described herein may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5. Non-public documents, information or material produced in discovery in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the receiving Party, and its witnesses, experts, consultants, and other persons involved as permitted recipients hereunder, only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

6. **CONFIDENTIAL**. This category of Protected Information contains information or tangible things that qualify for protection under Federal Rule of Civil Procedure

26(c), or contain confidential and/or proprietary information not known or readily available to the general public. In determining whether information should be designated as "CONFIDENTIAL," each party agrees to use such designation only in good faith. CONFIDENTIAL documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 13 herein:

(a) outside counsel of record in this Action for the Parties, including partners, associates, employees, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation and independent attorneys contracted to assist outside counsel in connection with this action and to whom it is reasonably necessary to disclose the information for this litigation;

(b) up to three (3) designated representatives (including in-house counsel) for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

(c) outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A ("Agreement to be Bound by Protective Order") hereto and the same is served upon the producing Party with (i) a current curriculum vitae of the consultant or expert, (ii) a listing of each person or entity from whom the expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (iii) a listing (by name and number of the case, filing date, and location of court) of any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years, at least seven (7) days before access to the DESIGNATED MATERIAL is to be given to that consultant or expert. The producing party may object to and notify the receiving Party in writing that it objects to disclosure of DESIGNATED MATERIAL to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within

such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(d) independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

(e) the Court and its personnel;

(f) any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(g) an author, signatory, or prior recipient of the document or the original source of the CONFIDENTIAL information. Such person shall be given access only to the specific document or information therein.

7. To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or alternatively "CONFIDENTIAL – AEO"). To the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) (i.e., "Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

8. **CONFIDENTIAL – ATTORNEYS' EYES ONLY**. This category of Protected Material includes confidential information or items that the designating party has a good faith belief constitutes or contains trade secrets or other non-public, highly confidential research, development, technical, business, and/or financial information that has not become public, the disclosure of which is likely to cause harm to the competitive position of the

Disclosing Party. "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may include, without limitation: (i) technical information containing confidential information or items such as materials that show the internal technical structure, design or operation of products that have been made, imported, used or sold by the producing party; (ii) financial and/or other commercially-sensitive information (e.g., pricing, customer lists, business and/or marketing plans or analysis, license agreements and the like); (iii) trade secrets; (iv) information subject to an obligation of confidentiality owed by the Producing Party to a third-party; and/or (v) information subject to the privacy interest of any individual. In determining whether information should be designated as "CONFIDENTIAL — ATTORNEYS' EYES ONLY," each party agrees to use such designation in good faith. For Protected Material designated CONFIDENTIAL – ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 6(a) and (c-g).

9. **RESTRICTED CONFIDENTIAL SOURCE CODE**. For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

  (a) Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The stand-alone computer(s) may be connected to (i) a printer or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted below. Additionally, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel;

  (b) The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 6:00 p.m. (local time in the time zone where the stand-alone computer(s) are located). However, upon reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal

business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c) The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(d) The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above. The receiving Party shall be permitted to take notes; any notes taken during inspection of source code or based upon inspection of source code, must be marked "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall be treated as RESTRICTED CONFIDENTIAL SOURCE CODE under the terms of this Order. Any such notes shall not count towards the limitations on printing pages set forth below in paragraph 9(h);

(e) The producing Party shall install tools that are sufficient for viewing and searching the source code produced, on the platform produced. At a minimum, these tools must provide the ability to (1) view, search, and line-number any source file, (2) search for a given pattern of text through a number of files, (3) compare two files and display their differences, and (4) compute the MD5 checksum of a file. If the receiving Party requires additional program(s) or review tool(s), the receiving Party shall provide (at the receiving Party's cost) a licensed copy of the additional program(s) or review tool(s) to the producing Party three (3) business days in advance of the inspection and the producing Party shall install them on the stand-alone computer upon a reasonable request from the receiving Party ;

(f) Access to DESIGNATED MATERIAL designated RESTRICTED CONFIDENTIAL SOURCE CODE shall be limited to outside counsel of record and up to three (3) outside consultants or experts[1] (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 6(c) above. A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court

---

[1] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

(g)     document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(g)     To the extent portions of Source Code Material are quoted in a document containing source code (a "Source Code Document"), either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(h)     In no event may the receiving Party request printing of more than 50 consecutive pages and more than 500 pages of information in aggregate during the duration of the case without prior agreement from the producing Party or further order of the Court. If the receiving Party requires the printing of additional pages of source code beyond the limits stated herein, the parties agree to negotiate in good faith to determine the extent of any modification of these limits. The receiving Party should provide the producing Party with specific identification of the Source Code Material it requests to be printed;

(i)     Except as set forth in paragraphs 9(l)-(m) below, no additional copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(j)     The receiving Party shall only request printing of those limited portions of the Source Code Material specifically necessary for a case activity (e.g., as evidence for trial or an exhibit for an expert's report). Counsel for the producing Party will keep the originals of all printed Source Code Material. Producing Party will produce a Bates-numbered copy of the originals of all printed Source Code Material to receiving Party within three (3) business days of the request for printing. The Parties will cooperate in good faith if a different timeframe for production is required;

(k)     The producing Party shall print every page of Source Code Material in no less than 10 point font and with information necessary to later identify that Source Code Material, such as, but not limited to, a header or footer, that identifies the file name and directory path; otherwise, the receiving Party shall provide the producing Party with a log that correlates each printed page with such identifying information;

(l) The receiving Party may make up to three (3) copies of any Source Code Material received from the producing Party for use by its outside attorneys of record and Outside Consultants. The receiving Party shall ensure that any copies include a production number and "RESTRICTED CONFIDENTIAL SOURCE CODE" designation (i.e., they are not cut off or unreadable) and the receiving Party must inform the producing Party of each additional copy made of any Source Code Material;

(m) Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

(n) If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition); and

(o) A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 9(f) above to another person authorized under paragraph 9(f) above, on paper or removable electronic media (e.g., a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

10. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine,

or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

11. The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

12. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

13. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

14. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as CONFIDENTIAL – ATTORNEYS' EYES ONLY.

15. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Information or Material. In the event a Party wishes to use DESIGNATED MATERIAL in any pleading, motion, or other paper filed with the Court in this litigation, such pleading, motion, or other paper and Confidential Material shall be filed under seal pursuant to Local Civil Rule 5.1.3 and other applicable rules of the Court.

16. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

17. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to re-designation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

18. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order,

and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

19. To the extent that any discovery is taken of persons who are not Parties to this Action (i.e., "Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business or technical information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

20. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or give by such documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY " in accordance with this Order.

21. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

22. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

23. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

24. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

25. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

26. Nothing in this Order shall prevent or otherwise restrict outside counsel of record from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of designated material. In rendering such advice and otherwise

communicating with the client, however, counsel shall not disclose or reveal the substance or content of any DESIGNATED MATERIAL, except as permitted by this Order.

27. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | MORRIS JAMES LLP |
|---|---|
| */s/ Karen Jacobs* | */s/ Kenneth L. Dorsney* |
| Karen Jacobs (#2881)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>kjacobs@mnat.com | Kenneth L. Dorsney ( #3726)<br>500 Delaware Avenue<br>Suite 1500<br>Wilmington, DE 19801-1494<br>(302) 888.6800<br>kdorsney@morrisjames.com |
| *Attorneys for Plaintiff IPC Systems, Inc.* | *Counsel for Cloud9 Technologies LLC* |
| OF COUNSEL: | OF COUNSEL: |
| Peter Shapiro<br>David Varghese<br>FITZPATRICK, CELLA, HARPER, AND SCINTO<br>1290 Avenue of the Americas<br>New York, NY 10104<br>(212) 218-2100<br><br>Jason M. Dorsky<br>FITZPATRICK, CELLA, HARPER, AND SCINTO<br>975 F Street NW<br>Washington, DC 20004<br>(202) 530-1010 | Michael A. Oakes<br>Tyler Maddry<br>Susan Wiltsie<br>Andrea Calem<br>Steven L. Wood<br>HUNTON & WILLIAMS LLP<br>2200 Pennsylvania Ave NW<br>Washington, DC 20037<br>(202) 955-1500 |

Edward J. DeFranco
Patrick D. Curran
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor,
New York, NY 10010
(212) 849-7000

      IT IS SO ORDERED, this \_\_\_\_\_ day of November 2017.

                                      United States District Judge

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IPC SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 16-443 (GMS) |
| | ) | |
| CLOUD9 TECHNOLOGIES LLC, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare that:

1. My address is _____. My current employer is _____. My current occupation is _____.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all

documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____